IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IHAR YURKIN,** | : | CIVIL ACTION |
| *Petitioner,* | : | |
| | : | NO. 26-385 |
| **v.** | : | |
| | : | |
| **DAVID O'NEILL**, *Acting Field Office* | : | |
| *Director, Philadelphia Field Office* | : | |
| *Immigration and Customs* | : | |
| *Enforcement, et al.,* | : | |
| *Respondents.* | : | |

# TEMPORARY RESTRAINING ORDER

**AND NOW**, this 6th day of February 2026, at approximately 1:30 P.M., Eastern Standard Time, upon consideration of the *motion for temporary restraining order*, (ECF 2), filed by Petitioner Ihar Yurkin, ("Petitioner"), the averments in the *petition for a writ of habeas corpus* (the "Petition"), (ECF 1), and the arguments presented at the hearing held on February 5, 2026, it is hereby **ORDERED** that the motion for temporary restraining order is **EXTENDED** pursuant to Federal Rule of Civil Procedure, ("Rule"), 65(b)(2),[1] as follows:

---

[1] On January 21 2026, Petitioner filed his Petition and, on January 22, 2026, a motion for temporary restraining order pursuant to Rule 65. (ECF 1, 2). By Order dated January 23, 2026, this Court granted the motion, in part, and set a preliminary injunction hearing for February 5, 2026. (ECF 3). On January 29, 2026, the Government filed its response to the Petition and motion, (ECF 6), and, with leave of Court, Petitioner filed a reply on February 5, 2026, (ECF 9). A hearing, at which Petitioner, represented by counsel, and the Government participated, was held on February 5, 2026. After the hearing, this Court ordered supplemental briefing from both parties to be completed by February 13, 2026. (ECF 11).

Rule 65 provides that a Temporary Restraining Order shall not exceed 14 days, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Here, this Court finds that good cause exists to extend the Temporary Restraining Order allowing for the parties to complete the supplemental briefing. Accordingly, the Temporary Restraining Order is extended.

1. This Court finds that:

    a. The Petition and motion for temporary restraining order raise substantive issues that may have merit, and time may be of the essence, thus, justifying *ex-parte* action by this Court; and

    b. In the absence of injunctive relief, and based on the arguments presented, Petitioner is likely to suffer substantial, immediate, and irreparable injury, including, *inter alia*, removal from the United States of America without due process of law, in violation of the Fifth Amendment of the United States Constitution, and in contravention of the status previously awarded to him by the United States Citizenship and Immigration Services.

2. Accordingly, unless later rescinded, Respondents United States Immigration and Customs Enforcement Acting Field Office Director David O'Neill, United States Department of Homeland Security Secretary Kristi Noem, United States Attorney General Pam Bondi, and Warden of the Philadelphia Federal Detention Center, ("Respondents"), and all persons and/or government entities in active concert or participation with the Warden, are **RESTRAINED** and **ENJOINED** from taking any action that would result in the removal of Petitioner from within the boundaries of the Eastern District of Pennsylvania, pending further Order of this Court.

3. This Temporary Restraining Order shall expire on February 20, 2026, at 1:30 P.M., Eastern Standard Time, unless, before such time, Respondents consent to its extension for a longer period of time, or the Court extends the duration of this Order for good cause or adjudicates the underlying Petition or Motion.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*