# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IHAR YURKIN,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-385** |
| v. | : | |
| | : | |
| **DAVID O'NEILL,** *Acting Field Office* | : | |
| *Director, Philadelphia Field Office* | : | |
| *Immigration and Customs* | : | |
| *Enforcement, et al.,* | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 20th day of February 2026, upon consideration of Petitioner Ihar Yurkin's ("Petitioner" or "Mr. Yurkin") *petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241,* (ECF 1; the "*habeas* Petition"), Petitioner's *motion for temporary restraining order,* (ECF 2), the Government's answer, (ECF 6), Petitioner's reply, (ECF 9), the arguments made at the February 5, 2026 preliminary injunction hearing, (*see* ECF 12), Petitioner's post-hearing brief, (ECF 14), and the Government's post-hearing brief, (ECF 15), it is hereby **ORDERED** that, for the reasons set forth in the footnote, Mr. Yurkin's *habeas* Petition is **GRANTED**, *in part.*[1] Accordingly, this Court finds that:

---

[1] This Court relies on its analyses set forth in the matters of *Kumar v. McShane*, No. CV 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025), *Ochoa v. Rose*, No. CV 25-7021, 2025 WL 3725042 (E.D. Pa. Dec. 24, 2025), *Castillo Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816 (E.D. Pa. Jan. 9, 2026), *Nasimov v. Jamison*, No. CV 25-7420, 2026 WL 94615 (E.D. Pa. Jan. 13, 2026), and *Cabreja Bueno v. O'Neill*, No. CV 26-304, 2026 WL 413315 (E.D. Pa. Feb. 13, 2026), and herein incorporates said analyses as part of this Order.

The facts and arguments in the above-cited cases and in this case are similar in nature. They all involve *habeas* petitions and detentions related to ongoing immigration proceedings, in some instances removal proceedings in others, and pending asylum applications where a credible fear determination was made. Here, Mr. Yurkin is a citizen and national of Belarus. (ECF 1 at ¶ 13, Ex. A) (*see also* ECF 14 at Ex. A – Mr. Yurkin's passport confirming his country of origin). He entered the United States on or about December 25, 2022. (ECF 1 at ¶ 20, Ex. B). Upon entering, he received a Notice to Appear from the Department of Homeland Security and was paroled into the United States with an Order of Supervision which stipulated conditions of release. (*Id.*). Notably, his Notice to Appear listed his country of origin as

Russia, not Belarus. Mr. Yurkin argues that this error makes the Notice to Appear defective, thus, tainting any removal proceedings. (*See generally* ECF 14).

On January 21, 2026, Mr. Yurkin, was approached by Immigration and Customs Enforcement ("ICE") agents while leaving his home, was questioned, arrested, and has since been detained by ICE. (ECF 1 at ¶¶ 24-26). In its answer, the Government argues that detention constitutes a lawful revocation of parole and, as such, Petitioner, upon re-detention, reverts to the status he held at the time parole was first granted. (*See generally* ECF 6). The Government further argues that the defect in Mr. Yurkin's Notice to Appear is inapposite. (*See* ECF 15 at pp. 3-5).

On January 21, 2026, Petitioner filed a *habeas* Petition and on the following day, a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure ("Rule") 65. (ECF 1, 2). By Order dated January 23, 2026, this Court granted, *in part*, the motion for a temporary restraining and set for February 5, 2026, a hearing for the requested preliminary injunction. (ECF 3). On January 29, 2026, the Government filed its answer to the Petition and motion, (ECF 6), to which, on February 4, 2026, Petitioner filed a reply. (ECF 9). On February 5, 2026, this Court held the hearing on the request for a preliminary injunction at which Petitioner, represented by counsel, and the Government participated. (*See* ECF 12). At the conclusion of the hearing, this Court ordered supplemental briefing from both parties to be completed by February 13, 2026. (ECF 11). In the interim, the temporary restraining order was extended. (*See* ECF 13). Post-hearing briefs were submitted as of February 11, 2026. (ECF 14, 15). Accordingly, Petitioner's preliminary injunction request and his *habeas* Petition are now ripe for disposition. Because this Court resolves the *habeas* Petition, as explained below, the request for a preliminary injunction, is denied, as moot.

This Court need not reach the merits of Petitioner's argument that the wrong country of origin appearing on his Notice to Appear invalidates any removal proceedings against him. Rather, the issue before this Court is the legality of his detention. The Government does not dispute that Mr. Yurkin is being detained pursuant to the detention provisions at 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 2-3). Like many other courts within this circuit, this Court disagrees that this provision of the statute applies to someone in Mr. Yurkin's situation – *i.e.*, a person paroled and living, apparently without criminal incident, in the United States for years prior to his re-detention. *See, e.g.*, *Vasquez-Rosario v. Noem*, CV No. 25-7427, 2026 WL 196505 (E.D. Pa Jan. 26, 2025).

Specifically, 8 U.S.C. § 1225 provides the procedures by which the Government may subject certain "applicants for admission" to mandatory detention. Relevant here, Section 1225(b)(2) requires "that detention must continue until immigration officers have finished considering the application for asylum, or until removal proceedings have concluded." *Vasquez-Rosario*, 2026 WL 196505, at *4 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)) (internal quotation marks omitted). There is, however, the possibility of discretionary parole under 8 U.S.C. § 1182(d)(5)(A), which allows for temporary release of noncitizens pending asylum and/or removal proceedings. Mr. Yurkin was released into the country under this discretionary parole provision. (*See* ECF 6 at p. 2) ("After arriving at the border, Petitioner was granted discretionary parole into the United States . . . .").

In contrast to 8 U.S.C. § 1225 providing for mandatory detention, "8 U.S.C. § 1226 applies to aliens *already present in the United States.*" *Vasquez-Rosario*, 2026 WL 196505, at *4 (citing *Jennings*, 583 U.S. at 303). "Section 1226 distinguishes between two different categories of aliens who may be subject to detention under this provision. First, under Section 1226(a), on a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. The Attorney General may (1) continue to detain the arrested alien; or (2) release the alien pursuant to a bond or conditional parole. Second, Section 1226(c) carves out a statutory category of aliens

2

1. This Court has jurisdiction to review a *habeas* petition and to grant *habeas* relief to any person in custody "under or by color of the authority of the United States" or "in violation of the Constitution and/or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3);

2. No provision of the Immigration and Nationalization Act, ("INA"),[2] deprives this Court of jurisdiction over Mr. Yurkin's *habeas* Petition;

3. To be entitled to *habeas* review, Mr. Yurkin does not need to exhaust administrative remedies since the issue presented involves only statutory construction of 8 U.S.C §§ 1225 and 1226, *see Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012), and "exhaustion is not clearly mandated by statute, [and] a futility exception exists," *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003);

4. Mr. Yurkin's mandatory detention under 8 U.S.C. § 1225(b)(2)[3] violates the INA; and the Due Process Clause of the Fifth Amendment of the United States Constitution;

5. Because Mr. Yurkin does not appear to be a danger to the community nor a flight risk, and is being unlawfully and unconstitutionally detained, he is to be immediately

---

who may not be released on a bond or conditional parole." *Vasquez-Rosario*, 2026 WL 196505, at *4 (citations and internal quotation marks omitted). Here, Mr. Yurkin does not fall within the latter category of aliens.

It might be possible that Mr. Yurkin was an arriving alien and applicant for admission upon his entry into the United States in December 2022, and that, at his time of entry, the Government could have detained him under Section 1225. This Court makes no finding as to that scenario. However, that is not Mr. Yurkin's status now. That much is clear, as this Court and other courts who have considered like situations for noncitizens have held. *See id.* at *5. Thus, Mr. Yurkin is not subject to the detention provision argued by the Government. Accordingly, his detention under Section 1225, indeterminate in duration and without the possibility of bond, is unlawful.

[2] This includes 8 U.S.C. §§ 1252(a), 1252(b)(9), and 1252(g), the sections on which the Government relies. (ECF 6 at p. 5).

[3] The Government does not dispute that this is the source of law it is relying upon to detain Mr. Yurkin indefinitely and without the possibility of release on bond or a reassessment of his detention status. (*See generally* ECF 6).

released from the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, *i.e.* within 24 hours of the date of this Order;

6. The Government is further directed to return to Mr. Yurkin any and all funds, identification, or property which may have been seized from Mr. Yurkin at the time of his arrest;

7. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by February 21, 2026.

Since this Order grants the *habea*s Petition, the Temporary Restraining Order granted on January 23, 2026, is herein **VACATED.** As such, Mr. Yurkin's preliminary injunction request is **DENIED**, as moot.

The Clerk of Court shall mark this case **CLOSED**.

                **BY THE COURT:**

                /s/ *Nitza I. Quiñones Alejandro*
                **NITZA I. QUIÑONES ALEJANDRO**
                *Judge, United States District Court*